UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KEMET ALLAH, a/k/a, BEN LOFTON,

                Petitioner,      **No. 11-CV-0425(MAT)**
                                                        **DECISION AND ORDER**
      -vs-

HAROLD D. GRAHAM,

                Respondent.

---

**I.  Background**

Pro se petitioner Kemet Allah, a/k/a Ben Lofton ("Petitioner" or "Allah") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the basis that he is being unconstitutionally detained in Respondent's custody. Petitioner is incarcerated pursuant to a judgment entered against him on August 5, 1994, in Monroe County Court (Connell, J.) of New York State, following a jury verdict convicting him of multiple counts of criminal possession of a controlled substance and criminal possession of a weapon, as well as one charge each of first degree robbery and fourth degree grand larceny. Petitioner was sentenced to

After the enactment of New York's Drug Law Reform Act of 2004 and 2005 ("the DLRA"), Petitioner applied for resentencing and requested that he be resentenced to determinate terms of imprisonment equal to or less than the time already served. The

-1-

prosecution requested that Petitioner be resentenced, as a first-time felony drug offender, to determinate terms of 20 years on his conviction for first degree criminal sale of a controlled substance and six years for second degree criminal possession of a controlled substance. On January 18, 2006, the County Court (Geraci, J.) resentenced Petitioner as requested by the prosecution, and issued a written decision on January 20, 2006, memorializing its ruling. See Respondent's Exhibit ("Resp't Ex.") N (County Court Resentencing Order) & O (Transcript of Resentencing Hearing). The resentencing court stated on the record and its order that Petitioner was resentenced to 20 years incarceration and 5 years of post-release supervision ("PRS") on his conviction for first degree criminal sale of a controlled substance and 6 years incarceration and 5 years PRS on his conviction for second degree criminal possession of a controlled substances, those sentences "to run concurrent with each other." Resp't Ex. N at 4. Neither in its oral ruling nor in its decision and order did the resentencing court explicitly mention any of the sentences imposed with regard to Petitioner's other convictions. See id.

The clerk of the court signed an amended sentence and commitment order, along with a certificate of conviction, reflecting the resentences on the two drug-related convictions. These documents stated that "[a]ll other terms of the sentence stand". Resp't Ex. P (Commitment Papers).

Petitioner did not file a direct appeal with regard to the resentencing but instead, through counsel, moved by order to show cause filed February 24, 2009, in Monroe County Court for a writ of mandamus to compel the clerk of the court to issue a revised sentence and commitment order and certificate of conviction stating that all of Petitioner's sentences were to run concurrently with each other. Petitioner noted that the resentencing court did not affirmatively state that the former sentences were to run consecutively to the latter sentences. Petitioner essentially argued that the resentencing court direction that the two drug sentences were to be served concurrently, and its silence as to the remainder of the sentences, meant that *all* of the sentences (including those for the non-drug offenses) were now to run concurrently with each other. Petitioner contended that the certificate of conviction prepared by the clerk improperly described the sentences for the non-drug convictions as running consecutively to the drug sentences.

The Monroe County District Attorney's Office received permission to intervene in the action, and submitted opposition papers arguing that Petitioner had failed to state a viable cause of action and that a mandamus proceeding did not lie because Petitioner could have raised his claim on direct appeal or in a motion to set aside the sentence pursuant to C.P.L. § 440.20.

Following oral argument on May 8, 2009, the County Court issued an oral ruling denying the petition and holding that nothing in the resentencing proceeding altered the sentences for the non-drug convictions. Thus, they were to run consecutively to the sentences for the drug convictions, as originally ordered by the sentencing court in 1994.

Petitioner's appeal of the denial of mandamus was unsuccessful. Allah v. Hendricks, 73 A.D.3d 1436 (4th Dept. 2010). The Appellate Division, Fourth Department, noted that the sentences originally imposed on the drug charges were set to run concurrently with each other and consecutively to the sentences imposed on the robbery charges. The Fourth Department agreed with Petitioner that during resentencing, the court did not explicitly state whether the drug sentences would continue to run consecutively to the sentences imposed on the non-drug charges. Allah, 73 A.D.3d at 1437. However, even assuming that the resentencing court had the authority to order the non-drug sentences to run concurrently with the amended drug sentences, the extraordinary remedy of mandamus did not lie because the issue of whether the commitment papers accurately reflected the new sentences could have been raised on direct appeal from the resentencing. Id. The New York Court of Appeals denied leave to appeal. Allah v. Hendricks, 15 N.Y.3d 704 (2010).

Petitioner filed the instant habeas petition on May 15, 2011, raising the same claim he argued in support of his motion for a

writ of mandamus–namely, that the clerk of the County Court improperly amended his certificate of conviction so as to cause his revised sentences on the two felony drug convictions to run consecutively to, rather than concurrently with, the sentences on his remaining 1994 convictions. Petitioner does not challenge the constitutionality of his underlying convictions. Respondent answered the petition, asserting that it is untimely under 28 U.S.C. § 2244(d)(1); that the sole claim raised in the petition is unexhausted; and that even if the Court were to reach the merits of the unexhausted claim under 28 U.S.C. § 2254(b)(2), it should be dismissed as not cognizable on habeas review. Petitioner did not file any reply papers.

As discussed further below, the petition is dismissed as untimely.

**II.   Timeliness of the Petition**

   **A.   Timeliness Calculation and Statutory Tolling**

Title I of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, § 101, 110 Stat. 1214, 1217 (codified at 28 U.S.C. § 2244), imposes a one-year time limit for filing habeas petitions. See 28 U.S.C. § 2244(d)(1)(A)-(D). The statute of limitations runs from the *latest* of the following four events:

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). For most petitioners, including Allah, Section 2244(d)(1)(A) sets the applicable starting point for the one-year period of limitation–i.e., the date on which the conviction became final. See Burton v. Stewart, 549 U.S. 147, 156-57 (2007).

The Supreme Court has held that "'[f]inal judgment in a criminal case means sentence. The sentence is the judgment.'" Id. at 156 (quoting Berman v. United States, 302 U.S. 211, 212 (1937)). Thus, the one-year limitations period in Allah's case began to run when the judgment entered in connection with the resentencing became final. See, e.g., Walker v. Perlman, 556 F. Supp.2d 259, 262 (S.D.N.Y. 2008) ("[T]he habeas limitations clock . . . did not begin to run until [the petitioner's] second amended sentence became final. . . .") (citing Burton, 549 U.S. at 157). This rule applies regardless of how much time has elapsed since the original sentence was imposed. See 556 F. Supp.2d at 263 (holding that "a

habeas petition filed more than five years after a state prisoner was convicted of a crime, but less than two months after a corrected sentence imposed on resentencing became final, was timely filed even though his habeas petition challenged only his underlying conviction and not the corrected sentence" because the "'judgment' that triggered the one-year statute of limitations became final when the corrected sentence pursuant to which the prisoner was in custody became final, thereby making both his conviction and sentence final").

Here, Petitioner was resentenced on January 18, 2006, and he did not file a direct appeal from the resentencing. Therefore, his conviction became final thirty (30) days later on February 17, 2006, when the period for filing a notice of appeal to the Fourth Department expired. See N.Y. CRIM. PROC. LAW § 460.10(1)(a); see also Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir. 2002) (finding that the one-year limitations period began running on when the petitioner's time for filing a notice of appeal from his judgment of conviction expired under C.P.L. § 460.10(1)). Absent any statutory tolling from properly filed state-court collateral motions under 28 U.S.C. § 2244(d)(2), Petitioner had until February 17, 2007, to file his habeas corpus petition.

The prison mailbox rule deems pleadings submitted by pro se and incarcerated litigants to have been "filed" on the date the pleadings are turned over to prison authorities for mailing. See

Houston v. Lack, 487 U.S. 266, 270 (1988); Noble v. Kelly, 246 F.3d 93, 97 (2d Cir.) (applying prison mailbox rule to habeas petitions), cert. denied, 534 U.S. 886 (2001). Here, the habeas petition is deemed to have been filed on May 15, 2011, the date that Allah signed the petition. See, e.g., Corrigan v. Barbery, 371 F. Supp.2d 325, 328 n. 4 (W.D.N.Y. 2005) (where it was unclear when inmate gave petition to prison officials, court assumed that petitioner submitted petition on the same date it was purportedly signed and dated). It is clearly untimely, having been filed over four years after the one-year limitations expired, unless Petitioner qualifies for statutory tolling under 28 U.S.C. § 2244(d)(2).

Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Allah suggests in his petition that the limitations period was tolled while he filed certain "applications for State post-conviction relief and other collateral review with respect to his judgment of conviction and sentence." Petition ("Pet."), ¶18 (Dkt #1). Because the limitations period did not begin to run until February 17, 2006, the 1996 litigation cannot serve to toll the running of the limitations clock. See Fernandez v. Artuz, 402 F.3d 111, 116 (2d Cir. 2005)

("To toll the AEDPA statute of limitations, the state petition must be . . . pending during the tolling period."). The mandamus petition filed in connection with the resentencing likewise did not toll the limitations period because it was filed on February 24, 2009, two years after the one-year limitations period expired on February 17, 2007. See id.; see also Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam) ("[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run.").

### B.  Equitable Tolling

Because Allah's petition was filed outside the limitations period, and he is not eligible for statutory tolling under 28 U.S.C. § 2244(d)(2), his only recourse is to avail himself of equitable tolling. Holland v. Florida, ___ U.S. ___, ___, 130 S. Ct. 2549, 2560, 177 L. Ed.2d 130 (2010). A petitioner is entitled to equitable toling if he shows that (1) he has been pursuing his or her rights diligently; and (2) some extraordinary circumstance obstructed his timely filing the petition. Id. at 2562. This decision is left to the sound discretion of the district court. Belot v. Burge, 490 F.3d 201, 206-07 (2d Cir. 2007).

Only in "'rare and exceptional circumstances'" may "a petitioner . . . invoke the courts' power to equitably toll the

limitations period." Doe v. Menefee, 391 F.3d 147, 159 (2d Cir. 2004) (internal quotation omitted); see also Smith, 208 F.3d at 17 (equitable tolling of AEDPA's limitations period applies only in "rare and exceptional circumstances"). Petitioner does not assert entitlement to equitable tolling, and he has made no attempt to demonstrate that he labored under circumstances that could qualify as extraordinary. Since Petitioner has offered no explanation for his failure to file this habeas petition in a timely fashion, he cannot fulfill his burden of proof. See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 419 (2005) (to qualify for equitable tolling, the petitioner "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented him from timely filing).

**III. Non-Cognizability of the Claim**

Even if the petition were timely, it nevertheless would be dismissed because the sole claim raised fails to present a cognizable constitutional question. See 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.") (citations omitted).

In the his mandamus petition and the subsequent appeal from the denial of mandamus, Petitioner's appellate counsel cited New York Penal Law § 70.25, which provides in relevant part as follows:

> [W]hen a person who is subject to any undischarged term of imprisonment imposed at a previous time . . . is sentenced to an additional term of imprisonment, the sentence or sentences imposed by the court shall run either concurrently or consecutively with each other and the undischarged term or terms in such manner as the court directs at the time of sentence.

N.Y. PENAL LAW § 70.25(1)(a). The statute further provides that an indeterminate or determinate sentence shall run consecutively with all other terms, in the absence of a court order to the contrary. Id. However, "there is no constitutionally cognizable right to concurrent, rather than consecutive, sentences." United States v. McLean, 287 F.3d 127, 136-37 (2d Cir. 2002) (internal quotations omitted). Petitioner's sentencing claim does not present a federal question upon which this Court may grant habeas relief. See, e.g., Charles v. Fischer, 516 F. Supp.2d 210, 224 (E.D.N.Y. 2007) (holding that the imposition of consecutive sentences under state law is not a ground for habeas relief).

**IV. Conclusion**

For the foregoing reasons, the petition (Dkt. #1) is dismissed as untimely. No certificate of appealability shall issue because Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

debatable whether th[is] . . . [C]ourt was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Bethea v. Girdich, 293 F.3d at 577 (Slack standard applies to request by habeas petitioner, whose petition was dismissed as untimely under AEDPA, for a certificate of appealability).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and FED. R. APP. P. 24(a)(3), that any appeal from this Decision and Order would not be taken in good faith, and therefore the Court denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438, 445-46 (1962). Any application for leave to appeal in forma pauperis must be made to the Second Circuit Court of Appeals in accordance with FED. R. APP. P. 24(a)(1), (4), & (5). See id. Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action.

**SO ORDERED.**

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   Rochester, New York
         May 10, 2012